**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CHRISTINE LIEBERT,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NOS.** |
| ) | **25-40096-DHH** |
| **v.** ) | **25-40104-DHH** |
| ) | |
| **JEFFREY LOURIE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER ON MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS, ORDER OF REASSIGNMENT, AND RECOMMENDATION OF DISMISSAL**

**April 29, 2026**

**Hennessy, M.J.**

In July 2025, pro se plaintiff Christine Liebert commenced Liebert v. Lourie, C.A. No. 25-40096 ("Liebert I"), Liebert v. Lourie, C.A. No. 25-40104-DHH ("Liebert II") and Liebert v. Lourie, C.A. No. 25-40103-MRG ("Liebert III").  For the reasons set forth below, the Court will grant the renewed motions for leave to proceed *in forma pauperis* in Liebert I and Liebert II, order that this action be reassigned to a District Judge, and recommend to the District Judge that the Court dismiss Liebert I and Liebert II as duplicative of Liebert III.

I.      Motions for Leave to Proceed *in Forma Pauperis*

Upon review of Liebert's motion for leave to proceed *in forma pauperis* filed in Liebert I (ECF No. 7) and Liebert II (ECF No. 7), the Court concludes that Liebert has adequately shown that she is eligible to proceed without payment of the filing fee.  Accordingly, the motions are GRANTED.

II.    Order of Reassignment

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge.  However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action.  See 28 U.S.C. § 636(b)(1)(A).

These actions were drawn to the undersigned Magistrate Judge under the above-described protocol.  As set forth below, the Court concludes that these actions are subject to dismissal. Because the parties have not consented to the final assignment of this case to a Magistrate Judge, the Court orders that these actions be reassigned to a District Judge.

III.    Review of the Complaints

Liebert's complaints are subject to an initial screening under 28 U.S.C. § 1915(e), which provides for the initial screening of a complaint filed by a person who is allowed to proceed in forma pauperis.  Under this statute, the Court may dismiss any complaint that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party who is immune from such relief.  See 28 U.S.C. § 1915(e).  In addition, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  Dietz v. Bouldin, 579 U.S. 40, 47 (2016).  In reviewing the complaints, the Court construes the pleadings generously because Liebert is representing herself.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

A.    Complaints in Liebert I and Liebert II

The well-prepared, typed complaint in Liebert I is 144-pages long and accompanied by 490 pages of exhibits.  Liebert characterizes this action as one under 42 U.S.C. § 1983 for malicious prosecution based on nineteen criminal prosecutions that were brought against her

2

from August 2019 through January 2020 and dismissed on July 26, 2022.  Liebert names twenty defendants—members of the Westborough police force, the Westborough Department of Health, a public defender, two prosecutors, Worcester Superior Court staff, judicial officers, a court-appointed psychologist, a state police officer, and a private citizen.  The complaint in Liebert II—also well-prepared—is 118 pages long and concerns the nineteen criminal prosecutions brought against her from August 2019 through January 2020 and dismissed on July 26, 2022. Liebert characterizes this action as "SLAPP"[1] brought pursuant to 42 U.S.C. § 1983.  Leibert names sixteen defendants, fourteen of whom are defendants in Liebert I.[2]

B.    Complaint in Liebert III

The original complaint in Liebert III is 135 pages long and also concerns the nineteen prosecutions brought against Liebert from August 2019 through January 2020 and dismissed on July 26, 2022.  The defendants in that action are the same as those in Liebert I.  On September 15, 2025, Judge Guzman entered an order denying without prejudice Liebert's motion for leave to proceed in forma pauperis and requiring her to file an amended complaint if she wished to proceed with the action.  Judge Guzman found that, although the complaint invoked 42 U.S.C. § 1983, it appeared be an action under state law for defamation. The Court directed Leibert to file an amended complaint curing the jurisdictional defect if she wished to proceed with the action.  The

---

[1] "SLAPP stands for 'strategic lawsuit against public participation.'"  Blakesley v. Marcus, 158 F.4th 90, 93 n.1 (1st Cir. 2025).  The Massachusetts anti-SLAPP statute, M.G.L. ch. 231, § 59H, "allows defendants to obtain early dismissal of a lawsuit if they can demonstrate that the claims against them were brought to discourage them from exercising their right to petition the government."  Blakesley, 158 F.4th at 93.

[2] The two defendants in Liebert II that are not parties to Liebert I are Kristen Bellanger and Cela Dorr.  According to Liebert, both these defendants are employed by the Town of Westborough as administrative assistants who allegedly falsely told a Westborough Police officer in 2019 that Liebert had used "'profane language' to secure a criminal complaint against [her]."  Liebert II Compl. at 91.

Court required that the amended complaint be "significantly shorter" than the original complaint. On October 8, 2025, Liebert filed 79-page complaint under 42 U.S.C. § 1983 for malicious prosecution with the same defendants as the original complaint.

    C.     Discussion

        1       "Short and Plain Statement of the Claim"

Under the Federal Rules of Civil Procedure, a complaint must contain, inter alia, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement of a "short and plain" statement is important because one of the principal functions of a pleading is to give defendants fair notice of the basis for the claims against them so that they may respond, see Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013), and "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Miranda v. United States, 105 Fed. App'x 280, 281 (1st Cir. 2004) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990)). For the same reason, the absence of a "short and plain" statement makes it difficult for a court to determine whether the complaint contains sufficient factual allegations, which, treated as true, allow the Court to reasonably infer that the plaintiff is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[3] In light of the substantial and unnecessary length of the complaints in Liebert I and Liebert II, neither pleading contains a "short and plain statement of [a] claim." However, as set

---

[3] To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

forth below, instead of giving Liebert an opportunity to amend these pleadings, the Court will recommend that Liebert I and Liebert II be dismissed.

2.   Duplicative Lawsuits

A federal district court is "under no obligation to maintain multiple versions of the same action on its docket," and, drawing up on its inherent authority to manage its own docket, a federal district court may dismiss an action "to allow the issues under dispute to be resolved in the substantially identical action pending." Wiggins v. State of Conn., 205 F.3d 1327 (Table), 2000 WL 19094, at *1 (2d Cir. Jan. 3, 2000); see also Patterson v. UnitedHealth Grp. Inc., 161 F.4th 415, 426 (6th Cir. 2025) ("[D]istrict courts enjoy the discretion over their dockets to dismiss duplicate cases.")

Here, the Court does not see any meaningful difference between the complaints in Liebert I and Liebert II and the amended complaint in Liebert III that would justify allowing each lawsuit to go forward separately.   All three pleadings concern the same events.   Liebert herself characterizes Liebert I and Liebert III as actions under 42 U.S.C. § 1983 for malicious prosecution against the same defendants.  In addition, as used in the complaint in Liebert II, "SLAPP" appears to be synonymous with malicious prosecution.

In the interest of judicial efficiency and fairness to the defendants (should summonses later issue), the Court recommends that two of Liebert's cases be dismissed.  The Court recommends that Liebert I and Liebert II be dismissed in light of the fact that Liebert has filed an amended complaint in Liebert III and the parties have not consented to the jurisdiction of the magistrate judge.

IV.    Conclusion

In accordance with the foregoing:

1.    The motions for leave to proceed *in forma* pauperis in <u>Liebert I</u> and <u>Liebert II</u> are GRANTED.

2.    The Clerk shall reassign this case to a District Judge.

3.    The Court RECOMMENDS to the District Judge that <u>Liebert I</u> and <u>Liebert II</u> be dismissed as duplicative of <u>Liebert III</u>.[4]

So Ordered.

 /S/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[4] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).